Judgment rendered August 27, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,371-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

DEMARIO THEUS                               Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 235,287

Honorable Michael O. Craig, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Chad M. Ikerd

JOHN SCHUYLER MARVIN                   Counsel for Appellee
District Attorney

C. CARTER LAWRENCE, JR.
RICHARD R. RAY
Assistant District Attorneys

* * * *

Before STEPHENS, THOMPSON, and MARCOTTE, JJ.

MARCOTTE, J.

This criminal appeal arises from the 26th Judicial District Court, Parish of Bossier, the Honorable Michael E. Nerren presiding. Defendant Demario Theus ("Theus") pled guilty to possession of a firearm by a convicted felon and was sentenced to 12 years at hard labor, with the first 5 years to be served without benefits. Defendant now appeals. For the following reasons, we vacate Theus' sentence and the trial court's denial of his motion to withdraw his guilty plea, and the case is remanded with instructions.

## FACTS AND PROCEDURAL HISTORY

Theus was charged by bill of information with possession of a firearm or carrying of a concealed weapon by a convicted felon, in violation of La. R.S. 14:95.1. The offense occurred on April 19, 2020.[1] The bill listed Theus' predicate felony as Possession of a Schedule II Controlled Dangerous Substance, for which he was convicted on May 16, 2016.

On June 27, 2022, Theus came before Judge Michael Nerren ("Judge Nerren"), and following a colloquy, he pled guilty to possession of a firearm by a convicted felon. The state said that, in return for his guilty plea, Theus would be released pending sentencing and, if he was present for his sentencing hearing on August 5, 2022, he would be sentenced to six years at hard labor, and the state would dismiss several other charges against him. His other charges were *nol prossed* at that time, and he was released on a bond. Judge Nerren stated at the end of the hearing that he had known

---

[1] Theus pled guilty to the offense, so the facts in this case are not fully developed. Review of the transcript of a hearing on a motion to suppress reveals that Theus was stopped for speeding, fled from officers, and was later apprehended and arrested. A search of his vehicle uncovered a handgun under the driver's seat.

Theus for a long time in and out of court. Theus failed to appear at his sentencing hearing and Judge Nerren issued a bench warrant for his arrest. Theus was apprehended sometime prior to January 26, 2024.

On May 14, 2024, Theus sent a handwritten letter to Jill Sessions, the Clerk of Court for Bossier Parish. The letter did not include a heading, but in it Theus stated that he would like to file a motion to withdraw his guilty plea and a "motion to quash." He argued that Judge Nerren had previously served as his attorney and that "we have history," which created a conflict of interest. On May 30, 2024, at a hearing on defendant's pro se motions, Judge Nerren said that he considered Theus' motion to quash as a motion to recuse because he alleged a conflict of interest. The judge said a hearing was required to determine the issue, and he had the clerk of court randomly assign the case to another judge. Judge Michael O. Craig ("Judge Craig") was selected.

On July 15, 2024, a hearing was held before Judge Craig on Theus' pro se motions. In that hearing, defense counsel incorrectly informed Judge Craig that Judge Nerren had recused himself. Judge Craig denied Theus' motion to withdraw his guilty plea.

On July 29, 2024, Theus filed a second pro se "Motion to Withdraw Guilty Plea on Docket No. 235287," which stated (verbatim), "I took the plea under Judge Nerren whom later recused himself for Conflict of Interest. Any Plea agreement him and I made should be voided. I have a New Judge[,] DA[,] and Lawyer. I feel this is the right Vehicle to use." No ruling on that motion appears in the record.

On October 14, 2024, Judge Craig sentenced Theus to 12 years at hard labor, with the first 5 years to be served without benefits. Theus was given

credit for time served. No fine was imposed. He was advised of his appellate and post-conviction relief time delays. Theus filed a motion to reconsider sentence arguing his sentence was excessive and unconstitutional. Judge Craig denied the motion. Theus appeals.

## DISCUSSION

In the first part of his assignment of error, Theus argues that his sentence should be vacated because, while Judge Nerren presided over his guilty plea, the judge referred his case to Judge Craig to determine whether he should be recused. Defendant states that Judge Craig did not rule on the recusal issue, and, therefore, he lacked the proper authority to sentence him.

In the second part of his assignment of error, defendant argues that his trial counsel provided ineffective assistance for failing to object to Judge Craig's jurisdiction to sentence him. Theus asks that his sentence be vacated and his case remanded for a determination of the recusal issue and resentencing.

Louisiana Code of Criminal Procedure Articles 671 through 679 provide the procedure and authority for the recusal of judges in criminal matters. A defendant must file a written motion stating the grounds for recusal no later than 30 days after discovery of the facts constituting the grounds upon which the motion is based. But, if the facts constituting the grounds for recusal occur thereafter, or the party moving for recusal could not, in the exercise of due diligence, have discovered such facts, the motion to recuse shall be filed immediately after the facts occur or are discovered, but prior to verdict or judgment. La. C. Cr. P. art. 674(A). We note that Theus' motion to quash/recuse was filed nearly two years after he discovered that Judge Nerren may have represented him, making it untimely.

3

If the motion to recuse is not timely the judge may deny the motion without referring the motion to another judge. La. C. Cr. P. art. 674(C). Therefore, it was within Judge Nerren's discretion to deny the motion or assign it to another judge to rule on the recusal, and Judge Nerren chose to refer the case to another judge for a recusal hearing. So, Judge Nerren did not recuse himself in Theus' case, and Judge Craig did not rule that Judge Nerren should have been recused. The question becomes whether Judge Craig had the authority to sentence Theus.

The first sentence of La. C. Cr. P. art. 673 states, "A judge has full power and authority to act, even though a ground for recusal exists, until he is recused, or a motion for his recusal is filed." Therefore, Judge Nerren had no authority to act in Theus' case until the recusal issue was concluded. The next sentence of La. C. Cr. P. art. 673 states, "The judge to whom the motion to recuse is assigned shall have full power and authority to act in the cause pending the disposition of the motion to recuse." Here exists an irregular situation in which the motion to recuse was filed after the guilty plea was taken but before sentencing. The judge who took the plea did not recuse himself but rather had the clerk of court assign the case to another judge to settle the matter. There is no jurisprudence involving these facts.

While La. C. Cr. P. art. 673 appears to provide Judge Craig with the authority to sentence Theus, we find that to allow such a result in this case would be a failure of due process. If Judge Nerren should have been recused in Theus' case, then the validity of defendant's guilty plea and Judge Nerren's other rulings become uncertain. Therefore, we vacate defendant's sentence and Judge Craig's denial of Theus' motion to withdraw his guilty plea and remand the case to the trial court to first determine the recusal issue

4

and then proceed in accordance with the trial court's ruling on the recusal. Theus' assignment of error about ineffective assistance of counsel is moot.

*Errors Patent*

The record was reviewed for errors patent and two were found. First, La. R.S. 14:95.1 requires that Theus' entire sentence be served without benefits. The trial court stated that only the first five years of his sentence should be served without benefits. Second, La. R.S. 14:95.1 requires a mandatory fine of $1,000-$5,000, which was not a part of defendant's sentence. Because this court is vacating Theus' sentence, these errors are moot.

## CONCLUSION

For the foregoing reasons, Demario Theus' sentence and the trial court's denial of his motion to withdraw his guilty plea are vacated. The case is remanded to first determine whether Judge Michael Nerren should be recused from defendant's case, and then for further proceedings in accordance with that ruling.

**SENTENCE VACATED; DENIAL OF MOTION TO WITHDRAW GUILTY PLEA VACATED; REMANDED WITH INSTRUCTIONS.**